**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| PAUL CARLETON MAYES, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DR. PAUL TALBOT, )<br>)<br>Defendant. ) | No. 1:07-cv-360-LJM-WTL |

**Entry Discussing Motion for Summary Judgment**

This cause is before the court on the plaintiff's complaint, on the defendant's answer, and on the defendant's motion for summary judgment, and the plaintiff's responses to such motion.

Whereupon the court, having read and considered such pleadings, motion and responses, and being duly advised, now finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1. The parties in this civil rights action are plaintiff Paul Carleton Mayes ("Mayes") and defendant Dr. Paul Talbott ("Dr. Talbott").

2. Mayes claims while he was confined at the Marion County Jail Dr. Talbott improperly prescribed medication for Mayes and that in doing so violated Mayes' right to be free from deliberate indifference to his well-being. Dr. Talbott seeks resolution of Mayes' claim through the entry of summary judgment.

3. Summary judgment should be granted only where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

  4. Mayes' claim is brought pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1343(3). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

  5. Although it is unclear whether or at what point Mayes became a convicted offender, his allegations concerning the conditions of his confinement at the Jail will in this case be analyzed under the standards of the Eighth Amendment. This is because the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner, *Revere v. Massachusetts General Hosp.,* 463 U.S. 239 (1983); *Hall v. Ryan,* 957 F.2d 402, 404 (7th Cir. 1992), and an act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pre-trial detainee, *Bell v. Wolfish,* 441 U.S. 520, 536 n.16; (1979); *Martin v. Tyson,* 845 F.2d 1451, 1456 (7th Cir. 1988).

> A prison official violates the Eighth Amendment (which applies to persons who have been convicted) and the due process clause of the Fourteenth Amendment (which applies to pretrial detainees . . . ) when he is deliberately indifferent to a substantial risk of serious harm to an inmate, and a finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless.

*Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997) (citing *Farmer* and *Salazar*).

> The inquiry into deliberate indifference is a subjective one that asks whether "the prison official acted with a sufficiently culpable state of mind." *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). A prison official has a sufficiently culpable state of mind when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Id.* (citation omitted).

*Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006).

  6. Viewing the evidentiary record in the fashion most favorable to Mayes as the non-movant, it can be concluded there that Dr. Talbott prescribed Dilantin for Mayes on August 9, 2006. Although Dr. Talbott asserts that he did so because of what was reported to him as Mayes' status post cerebral surgery for an aneurysm, the materials he cites to support this do not in fact do so. Specifically, the records in Exhibit B to Dr. Talbot's affidavit do not reflect information given by Mayes during his intake at the Jail in 2005 nor do they document when or how Mayes' alleged (and non-existent) cerebral aneurysm surgery was reported. The strongest case for Mayes is that perhaps even without being seen, the medication was prescribed and delivered entirely in error. Mayes stopped taking the Dilantin on August 31, 2006, after experiencing unwelcome side effects. Dr. Talbott learned

of the improper prescription and discontinued the medication on September 1, 2006. Mayes saw Dr. Talbott on October 11, 2006, when all of the foregoing was documented. What can be concluded, therefore, is that Dr. Talbott prescribed this medication for Mayes, that he did so in error and/or without good reason, and that Mayes took the medication and suffered adverse side effects from it.

7.  Despite the unfortunate circumstances just recited, there is no triable issue of fact here as to whether Dr. Talbott exhibited deliberate indifference to Mayes' well-being. Even if the Dilantin was prescribed in error, once this was brought to Dr. Talbott's attention he promptly discontinued the prescription. There is not a shred of evidence that Dr. Talbott acted with a sufficiently culpable state of mind in prescribing the Dilantin on August 9, 2006, which is to say that when doing so he knew of a substantial risk of harm to Mayes and acted or failed to act in disregard of that risk. His deliberate indifference, however, is an essential element of the claim Mayes has asserted, and "[i]f the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied,* 519 U.S. 1115 (1997); *see also Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). Accordingly, Dr. Talbott's motion for summary judgment must be **granted.**

8.  This conclusion makes it unnecessary to address the defendant's discussion of the second prong of his qualified immunity argument. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). *Saucier,* 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/06/2007

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana